IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DIANNE WILSON             *
                          *
    Plaintiff,            *
                          *
                          *
    v.                    *    Civil Case 2:05cv1227-F
                          *
DYNAMIC EDUCATION SYSTEMS, *
INC, EXODYNE, INC., and   *
LESLIE HARRIS,            *
                          *    ***TRIAL BY JURY DEMANDED***
    Defendants.           *
                          *

## COMPLAINT

COMES NOW Plaintiff, against the above-captioned defendants and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 and the doctrine of supplemental jurisdiction, to obtain compensatory and punitive damages. The defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e, et seq.), as amended.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

3. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the date of the last discriminatory act. The EEOC issued Plaintiff a Notice of Right to Sue notice dated September 28, 2005, and

received by Plaintiff within the 90 days next preceding the filing of this Complaint. Plaintiff has thus satisfied jurisdictional requirements and conditions precedent to the bringing of the action.

## PARTIES

4. Dianne S. Wilson (hereinafter, "Plaintiff"), who is over the age of 19 years, is and at all times material hereto, was a member of a protected class, female, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5. Defendant Dynamic Educational Systems (hereinafter, "DESI"), whose further identity is presently unknown to Plaintiff, is a business entity, believed to be headquartered in Phoenix, Arizona. At all times material hereto, DESI maintained offices and did business in Montgomery County, Alabama, with a place of business located at Montgomery Job Corp., 1145 Airbase Boulevard, Montgomery, Alabama 36108. DESI is a proper defendant in that it employed more than fifteen persons in each of more than Twenty calendar weeks during the Fifty-Two weeks next preceding the filing of this action.

6. Defendant Exodyne, Inc. (hereinafter, "Exodyne"), whose further identity is presently unknown to Plaintiff, is a business entity, believed to be headquartered in Phoenix, Arizona. At all times material hereto, Exodyne maintained offices and did business in Montgomery County, Alabama, with a place of business located at Montgomery Job Corp., 1145 Airbase Boulevard, Montgomery, Alabama 36108. Exodyne is a proper defendant in that it employed more than fifteen persons in each of more than Twenty calendar weeks during the Fifty-Two weeks next preceding the filing of this action.

7. Defendant Leslie Harris (hereinafter, "Harris") whose better, other and further identity is presently unknown to Plaintiff, and who is upon information and belief a male person

over the age of 19 years, at all times material hereto was the supervisor of Plaintiff and is the person who sexually harassed her.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendants, DESI and Exodyne, from maintaining a policy, practice, custom or usage of discrimination and harassment against Plaintiff because of her sex and subjecting her to disparate treatment with respect to the terms, conditions and privileges of her employment. The Complaint also seeks front pay in lieu of reinstatement to Plaintiff's job and restitution to Plaintiff of all benefits and income that would have been received by Plaintiff but for the defendants' unlawful, discriminatory, and harassing practices. Further, Plaintiff seeks compensatory and punitive damages from the defendants for her suffering as a consequence of the wrongs alleged herein.

9. Plaintiff avers that the defendants acted to deny Plaintiff her rights under the laws of the United States of America and the State of Alabama and such action was designed to harass and to discriminate against Plaintiff, a female, because of her sex.

10. Plaintiff avers that the defendants' actions were designed to prevent her and others similarly situated (females) from obtaining an equality with non-protected group members, males, in terms, conditions and privileges of employment.

11. As a proximate result of the illegal actions alleged herein, Plaintiff has been damaged in that she has been deprived of her job, pay, and opportunities for promotion and pay increases as well as caused to suffer great humiliation and mental anguish from then until now.

12. Plaintiff avers that the defendants' unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her, to harass her due to her sex, female, to retaliate against her, to invade her privacy, assault and batter her, and to intentionally inflict emotional distress.

13. Plaintiff avers that DESI and Exodyne, Inc., by and through its agents, directors, and employees, invaded her privacy, assaulted and battered her, intentionally inflicted emotional distress upon her, and permitted retaliation against her for complaining about an unlawful employment practice.

14. This action is also brought against Harris individually and as an agent of DESI and Exodyne, Inc., and directly against DESI and Exodyne, Inc., for invasion of privacy, assault and battery and intentional infliction of emotional distress under the doctrines of supplemental jurisdiction and respondeat superior.

## FACTS

15. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

16. Plaintiff is a female.

17. Plaintiff began her employment with DESI on or about July 2, 2001, when she was employed as a cook in the cafeteria located in the Montgomery County Job Corps facility, in Montgomery, Alabama.

18. Plaintiff was meeting the reasonable expectations of her employer.

19. Defendant Harris, a male, hired Plaintiff and served as her immediate supervisor, and directly controlled the terms, conditions and privileges of her employment.

20. Harris subjected Plaintiff to sexual harassment beginning approximately one year after

Plaintiff began working for DESI. Thereafter, he continued to make advances of a sexual nature toward her on a frequent basis. Plaintiff refused Harris' advances on numerous occasions.

21. During one incident in July, 2004, Harris asked Plaintiff "to have sex" with him and inquired as to whether she "masturbates."

22. Immediately after the July, 2004, incident, Plaintiff complained to Mrs. Waltoria Sankay, human resources manager, and Plaintiff telephoned DESI's corporate office in Arizona regarding this incident.

23. During the summer of 2004, Harris touched Plaintiff's breasts and vaginal area over her clothing. Harris also massaged Plaintiff's back in the storage room and kissed Plaintiff on her forehead.

24. During February, 2005, Harris told Plaintiff that he "wanted to try her out." Once again, Plaintiff declined his advances.

25. Plaintiff immediately went to human resources to complain.

26. Plaintiff also complained to her department head, Leon Moesley, about this latest incident.

27. Kathy Peterson, a DESI human resources employee, contacted Plaintiff later that same day. Peterson told Plaintiff to go home and to not come back to work until she was so notified. The reason given was that an "investigation" needed to be conducted regarding Plaintiff's allegations.

28. Approximately six days later, Plaintiff was notified by Kathy Peterson that she could return to work the following day.

29. Peterson also told Plaintiff to stop at the Center Director's Office when she returned to

work the next day.

30. When Plaintiff returned to work, she did as told and reported to the Center Director's Office. Those present included Mrs. Hugaback, Center Director, Leon Moesley, Kathy Peterson, Leslie Harris and Plaintiff.

31. Plaintiff also was told not to tell anyone about this meeting and that one more infraction would result in her termination.

32. Plaintiff was terminated on March 4, 2005.

33. During the course of her employment, Plaintiff complained to persons higher than Harris in DESI management and to DESI's human resources department about the harassment; no prompt, effective, remedial action was taken.

34. As a direct and proximate consequence of the aforementioned conduct, Plaintiff has been injured and damaged in that she has lost wages, benefits, opportunities for advancement, status, prestige, and standing in her profession. Plaintiff has also suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of life.

## CAUSES OF ACTION

As to each of the following causes of action, Plaintiff expressly adopts as if fully set forth in each cause of action the allegations of all foregoing paragraphs.

## COUNT I – SEX DISCRIMINATION

35. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

36. Plaintiff is a member of a protected class, female.

37. Plaintiff was performing her duties in accordance with the reasonable expectations of the

employer.

38. Plaintiff suffered an adverse employment action when she was terminated.

39. Plaintiff was subjected to disparate treatment and adverse employment actions to which similarly situated members of a non-protected class were not, and would not have been, subjected.

40. The treatment complained of was because of her sex, female.

41. Plaintiff has been damaged thereby in that she has been deprived of title, authority, responsibility, position, status, prestige, esteem, pay, benefits, and opportunity for advancement. In addition, she has been embarrassed, humiliated, deprived of meaningful work, and has been caused to suffer great stress, mental anguish, emotional distress, loss of self-esteem, and loss of enjoyment of living.

## COUNT II — RETALIATION

42. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

43. Plaintiff was subjected to sex discrimination so severe and so pervasive that it would have been intolerable to a reasonable person and was, in fact, intolerable to Plaintiff.

44. Plaintiff complained about discriminatory treatment and harassment to management, human resources and the corporate office. No relief was had.

45. Plaintiff was terminated from her position shortly after she complained about discriminatory treatment and harassment.

46. She has been damaged and injured thereby.

## COUNT III – SEXUAL HARASSMENT

47. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the

foregoing paragraphs.

48. Plaintiff is a member of a protected class, female.

49. Plaintiff avers that she was the victim of sexual harassment at the hands of her supervisor, who was aided in his acts of harassment by the existence of the agency relationship between Harris and DESI, the relationship between DESI and Exodyne and the supervisory relationship between Plaintiff and Harris, without which relationships the acts would not have taken place. Thus the acts by Harris of sexual harassment are properly attributable to DESI and Exodyne.

50. The harassment complained of was because of Plaintiff's sex, female.

51. The harassment was and would have been offensive to a reasonable female person of ordinary sensibilities. The sexual harassment was so severe or pervasive as to adversely alter the terms, conditions and privileges of her employment and unreasonably interfere with her work performance. The harassment also created an abusive working environment for Plaintiff.

52. The corporate defendants knew or should have known about the harassment because Plaintiff complained to higher management, human resources and the corporate offices, yet they failed to take any remedial action regarding Plaintiff's complaints.

53. Plaintiff has suffered embarrassment, humiliation, severe emotional distress, fear, apprehension, anxiety, and mental anguish, and she has been damaged and injured thereby.

## COUNT IV – INVASION OF PRIVACY

54. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

55. Plaintiff had an interest in solitude and seclusion as to intrusions.

56. Harris intentionally intruded physically and verbally upon Plaintiff's solitude and seclusion, which acts would have been highly offensive to a reasonable person.

57. Plaintiff has been injured by the acts of Harris.

58. Harris' intrusion upon Plaintiff's solitude and seclusion was the proximate and direct cause of her injuries.

59. The commission of the act of invasion of privacy is properly attributable to Harris and is attributable to DESI and Exodyne under the doctrine of respondeat superior.

60. DESI and Exodyne were on notice of Harris' predations, but took no action upon such notice.

61. Plaintiff has been damaged thereby.

## COUNT V-ASSAULT AND BATTERY

62. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

63. Harris intentionally inflicted or negligently inflicted upon Plaintiff an offensive contact, or put Plaintiff in apprehension of either a harmful or offensive bodily contact.

64. Harris actually touched Plaintiff's person or clothes in rudeness.

65. The commission of the acts constituting assault and battery is properly attributable to Harris and attributable to DESI and Exodyne under the doctrine of respondeat superior.

66. Plaintiff has been damaged thereby.

## COUNT VI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

68. Harris committed intentional acts, making sexually-oriented remarks to Plaintiff and propositioning her.

69. Harris committed intentional acts by touching Plaintiff.

70. He knew or should have known that his intentional acts would likely cause emotional distress.

71. The emotional distress suffered by Plaintiff was severe, and would have been severe to any reasonable person in Plaintiff's position.

72. The intentional acts committed by Harris were the direct and proximate cause of the emotional distress suffered by Plaintiff.

73. The commission of the acts constituting intentional infliction of emotional distress is properly attributable to Harris and attributable to DESI and Exodyne under the doctrine of respondeat superior.

74. DESI and Exodyne were on notice of Harris' predations and took no action upon that notice.

75. Plaintiff has been damaged thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in favor of her and against the defendants as follows:

    a) Enter a declaratory judgment that the discriminatory and harassing practices complained of herein are unlawful and volative of Title VII of the Civil Rights Act of 1964, as amended;

    b) Permanently enjoin all defendants, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful

practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c)  Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of sex;

d)  As against DESI and Exodyne, Inc., jointly and severally, and in favor of Plaintiff, grant Compensatory and Punitive damages of Three Hundred Thousand Dollars ($300,000.00) for violations of Title VII including sex discrimination, sexual harassment and retaliation;

e)  As against DESI and Exodyne, Inc., jointly and severally, and in favor of Plaintiff, grant equitable relief to Plaintiff, including back pay and, in lieu of reinstatement, a reasonable sum of money by way of front pay;

f)  As against Harris, DESI and Exodyne, Inc., jointly and severally, and in favor of Plaintiff, grant Compensatory and Punitive damages in the amount of Two Hundred Thousand Dollars ($200,000.00) for the intentional torts committed against her under Alabama law;

g)  Grant Plaintiff the cost of this action including attorneys' fees and expenses;

h)  Grant such other, further, and different relief, both legal and equitable, as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the 27th day of December, 2005.

_____
JAY LEWIS (LEW031)
CAROL GERARD (GER016)
Plaintiff's Attorneys

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

**STATE OF ALABAMA**             )
                                 )    **VERIFICATION AND AFFIDAVIT**
**MONTGOMERY COUNTY**            )

     BEFORE ME, the below signed Notary Public by and for the State of Alabama at Large, personally appeared Dianne S. Wilson, Plaintiff, who is personally known to me, and did depose and say as follows:

     "I am Dianne S. Wilson, the Plaintiff herein. I have read the foregoing Complaint. Each and every one of the allegations contained therein is true and correct to the best of my knowledge and belief".

_____
DIANNE S. WILSON
Affiant

SWORN TO and SUBSCRIBED before me on this the 27th day of December, 2005.

_____
NOTARY PUBLIC, State at Large

My commission expires  9/19/07  .




**PLAINTIFF DEMANDS TRIAL BY JURY**