IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANNE S. WILSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DYNAMIC EDUCATIONAL SYSTEMS, INC., EXODYNE, INC., and LESLIE HARRIS,<br><br>　　　　Defendants. | Civil Cause: 2:05CV1227.F<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

　　　　Defendants Dynamic Educational Systems, Inc. ("DESI"), Exodyne, Inc. ("Exodyne"), and Leslie Harris ("Harris") (collectively, "defendants") for their Answer to plaintiff's Complaint, admit, deny and allege as follows.

### JURISDICTION AND VENUE

　　　　1. Answering paragraph 1, defendants admit that jurisdiction is proper in this Court, but deny that plaintiff has any proper cause of action against defendants and deny that defendants violated plaintiff's rights.

　　　　2. Answering paragraph 2, defendants admit that venue is proper in this Court, but deny that plaintiff has any proper cause of action against defendants and deny that any violations of plaintiff's rights occurred.

　　　　3. Answering paragraph 3, defendants admit that plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or about March 4, 2005, and that the EEOC issued a Notice of Right to Sue on or about September 28, 2005. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and therefore deny the same.

### PARTIES

　　　　4. Answering paragraph 4, defendants admit that plaintiff is over the age of 19 and female, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and therefore deny the same.

　　　　5. Defendants admit the allegations of paragraph 5.

　　　　6. Answering paragraph 6, defendants admit the allegations that Exodyne is a business entity headquartered in Phoenix, Arizona, but affirmatively allege that Exodyne is not a proper defendant in this action because Exodyne is a completely separate, parent corporation to DESI; did not employ plaintiff or take any action with regard to plaintiff; does not maintain offices or conduct business in Montgomery County, Alabama; and has not had fifteen or more employees in each of twenty or more calendar weeks during the current or preceding calendar year.

　　　　7. Answering paragraph 7, defendants admit that Harris is a male, over the age of 19, and a supervisor, but deny that Harris sexually harassed plaintiff.

## NATURE OF PROCEEDINGS

8. Defendants deny the actions listed in paragraph 8 of the Complaint and further deny that plaintiff is entitled to the relief sought in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9, 10, 11, 12, and 13.

10. Defendants deny the actions listed in paragraph 14 of the Complaint and further deny that plaintiff is entitled to the relief sought in paragraph 14.

## FACTS

11. Answering paragraph 15, defendants incorporate the preceding paragraphs 1 through 10 by this reference as if set forth in full herein.

12. Defendants admit the allegations contained in paragraphs 16 and 17.

13. Defendants deny the allegations contained in paragraph 18.

14. Answering paragraph 19, defendants admit that Harris hired and supervised plaintiff. Defendants deny the remaining allegations of paragraph 19.

15. Defendants deny the allegations contained in paragraphs 20, 21, 22, 23, and 24.

16. Answering paragraph 25, defendants admit that plaintiff went to human resources to complain in February, 2005.

17. Defendants admit the allegations contained in paragraph 26, except that defendants affirmatively allege that the proper spelling of the department head's name is Mosby.

18. Answering paragraph 27, defendants admit that Kathy Pedersen told plaintiff to go home and affirmatively allege that she was responding to plaintiff's request to go home. Defendants admit that Pedersen told plaintiff that her allegations would be investigated. Defendants deny the remaining allegations of paragraph 27.

19. Defendants admit the allegations contained in paragraph 28 and affirmatively allege that plaintiff was paid in full for the time that she was off pending investigation.

20. Defendants admit the allegations contained in paragraphs 29 and 30, but affirmatively allege that the proper spellings of three attendee names are Haugabook, Mosby, and Pedersen.

21. Answering paragraph 31, defendants admit that plaintiff was told not to discuss the meeting with anyone. Defendants further affirmatively allege that Harris was told that one more complaint against him would result in his termination. Defendants further affirmatively allege that, because plaintiff's complaints were evidently false and suspiciously timed, plaintiff was told that any further false complaint would result in her termination. Defendants deny the remaining allegations of paragraph 31.

22. Defendants admit the allegations contained in paragraph 32, and affirmatively allege that termination was for documented insubordination following a long pattern of discipline and warnings, and after a "final warning" had been issued in February, 2005.

23. Answering paragraph 33, defendants admit that plaintiff complained and deny the remaining allegations contained in paragraph 33.

24. Defendants deny the allegations contained in paragraph 34.

## CAUSES OF ACTION

25. Answering the unnumbered paragraph under "Causes of Action", defendants incorporate the preceding paragraphs 1 through 24 by this reference as if set forth in full herein.

## COUNT I – SEX DISCRIMINATION

26. Answering paragraph 35, defendants incorporate the preceding paragraphs 1 through 25 by this reference as if set forth in full herein.

27. Defendants admit the allegations contained in paragraph 36.

28. Defendants deny the allegations contained in paragraphs 37, 38, 39, 40, and 41.

## COUNT II – RETALIATION

29. Answering paragraph 42, defendants incorporate the preceding paragraphs 1 through 28 by this reference as if set forth in full herein.

30. Defendants deny the allegations contained in paragraphs 43, 44, 45, and 46.

## COUNT III – SEXUAL HARASSMENT

31. Answering paragraph 47, defendants incorporate the preceding paragraphs 1 through 30 by this reference as if set forth in full herein.

32. Defendants admit the allegations contained in paragraph 48.

33. Defendants deny the allegations contained in paragraphs 49, 50, 51, 52, and 53.

## COUNT IV – INVASION OF PRIVACY

34. Answering paragraph 54, defendants incorporate the preceding paragraphs 1 through 33 by this reference as if set forth in full herein.

35. Defendants deny the allegations contained in paragraphs 55, 56, 57, 58, 59, 60, and 61.

## COUNT V – ASSAULT AND BATTERY

36. Answering paragraph 62, defendants incorporate the preceding paragraphs 1 through 35 by this reference as if set forth in full herein.

37. Defendants deny the allegations contained in paragraphs 63, 64, 65, and 66.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Answering paragraph 67, defendants incorporate the preceding paragraphs 1 through 37 by this reference as if set forth in full herein.

39. Defendants deny the allegations contained in paragraphs 68, 69, 70, 71, 72, 73, 74, and 75.

## AFFIRMATIVE DEFENSES

77. The Complaint fails in whole or in part to state a claim upon which relief can be granted as to one or more defendants.

78. The Complaint is barred in whole or in part by unclean hands.

79. The Complaint is barred in whole or in part because defendant had a policy against unlawful harassment in place at all times relevant to the plaintiff's claims, and plaintiff failed to follow the procedures in that policy and/or defendant took prompt, effective remedial action when appropriate.

80. The Complaint is barred in whole or in part by the statute of limitations.

81. The Complaint is barred in whole or in part by failure to mitigate damages.

82. The Complaint is barred in whole or in part by plaintiff's failure to take reasonable steps to avoid harm.

83. The Complaint is barred in whole or in part by the exclusivity of workers' compensation.

84. The Complaint is barred in whole or in part by failure to exhaust administrative remedies.

85. Any award of damages is subject to the cap provided by 42 U.S.C.§ 1981a(a)(3).

86. Any award of punitive damages against defendant would be barred by the due process and equal protection provisions of the United States and Alabama Constitutions.

87. Defendants reserve the right to amend this Answer to assert any and all additional claims and defenses, as, when and if warranted in the course of further discovery, investigation or preparation for trial in this action.

WHEREFORE, having fully answered, defendants prays that plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing thereby; for defendant's attorneys' fees and costs incurred herein; and for such other and further relief as the Court deems just.

Respectfully submitted this the 30th day of January, 2006.

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 | <u>/s/ Brian Mosholder</u> |
| 4 | Brian Mosholder (MOS-018) |
| 5 | ATTORNEY FOR DYNAMIC EDUCATIONAL SYSTEMS, INC., EXODYNE, INC., and LESLIE HARRIS |

10  OF COUNSEL:

12  Carpenter, Ingram & Mosholder, LLP
13  Suite 303
14  4121 Carmichael Road
15  Montgomery, Alabama   36106
16  Telephone: 334-213-5600
17  FAX:  334-213-5650
18  E-mail: BMosholder@Carpenterfirm.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served upon the below listed counsel of record by electronic filing with the Clerk of Court for the United States District Court for the Middle District of Alabama, Northern Division, on the 30th day of January, 2006.

Carol Gerard, Esq.
Law Offices of Jay Lewis
P.O. Box 5059
Montgomery, Alabama  36103

/s/ Brian Mosholder
Brian Mosholder (MOS-018)
ATTORNEY FOR DYNAMIC EDUCATIONAL SYSTEMS, INC., EXODYNE, INC., and LESLIE HARRIS